UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed.**

| Appeal No. & Caption | 13-2271 Jennifer J. Taylor v. Republic Services, Inc. |
|---|---|
| Originating No. & Caption | 1:12-cv-00523-GBL-IDD |
| Originating Court/Agency | U.S. District Court for the Eastern District of Virginia |

| Jurisdiction (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. Sect. 1294 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | 9/16/2013 |
| Date notice of appeal or petition for review filed | 10/16/2013 |
| If cross appeal, date first appeal filed | 2/25/2013 |
| Date of filing any post-judgment motion | 9/24/2013 |
| Date order entered disposing of any post-judgment motion | 10/11/2013 |
| Date of filing any motion to extend appeal period | |
| Time for filing appeal extended to | |
| Is appeal from final judgment or order? | ⊙ Yes    ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| Settlement (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ⊙ Yes | ○ No |

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ◉ Yes | ○ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | 13-1260;13-1315;13-1363. | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| Nature of Case (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Two claims were tried before the District Court in a five-day bench trial: (1) a claim for sexual harassment under Title VII; and (2) a claim for retaliatory discharge under Title VII. On September 16, 2013, the District Court issued an order granting judgment in favor of the Republic entities on Ms. Taylor's sexual harassment claim. However, the Court entered judgment in favor of Ms. Taylor and against Defendant Republic Services, Inc. (hereinafter "Republic") on her claim of retaliatory discharge. The District Court awarded Ms. Taylor $377,734 in back pay, $804,791 in front pay (which amounted to five years of lost wage earnings), $50,000 in compensatory damaages, and reasonable attorney's fees and costs.<br><br>With respect to Ms. Taylor's retaliation claim, she alleged that Republic discharged her on September 23, 2011 in retaliation for her sending an email to Republic's Vice President of Human Resources on August 11, 2011, alleging that she suspected the Company was retaliating against her for her having made a harassment complaint in 2009. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether the District Court erred as a matter of law by not properly applying the Supreme Court's "but for" causation standard to Ms. Taylor's Title VII retaliation claim because it disregarded Republic's legitimate, non-retailiatory reasons for deciding to end Ms. Taylor's employment and, instead, substituted its business judgment for Republic's.<br><br>2. Whether the District Court erred as a matter of law in relying on temporal proximity to establish "but for" causation.<br><br>3. Whether the District Court erred as a matter of law by finding that Ms. Taylor had engaged in protected activity.<br><br>4. Whether the District Court erred as a matter of law by awarding Ms. Taylor five years of front pay. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Jennifer Taylor<br><br>Attorney: Carla Brown<br>Address: 11260 Rober Bacon Drive, Suite 201<br>         Reston, Virginia 20190<br><br><br>E-mail: cbrown@cbclaw.com<br><br>Phone: (703) 318-6800 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| Appellant (Attach additional page if necessary.) ||
|---|---|
| Name: Republic Services, Inc.; Republic Services of Virginia, LLC.<br>Attorney: Joleen R. Okun<br>Address: 1909 K Street, N.W., Suite 1000<br>Washington, D.C. 20006<br><br>joleen.okun@ogletreedeakins.com<br>E-mail:<br>Phone: (202) 775-0855 | Name:<br><br><br>Attorney: Raymond C. Baldwin, Taron Murakami<br>Address: 975 F Street, N.W.<br>Washington, D.C. 20004<br><br><br>E-mail: Rbaldwin@Seyfarth.com<br>Phone: (202) 828-3583 |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br>Phone: |

Signature: _[signature]_    Date: October 31, 2013

Counsel for: Republic Services, Inc. and Republic Services of Virginia, LLC

**Certificate of Service:** I certify that on October 31, 2013 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

|   |   |
|---|---|
|   |   |

Signature: _[signature]_    Date: October 31, 2013

## NATURE OF CASE
(continued)

The evidence presented at trial established that Ms. Taylor's email did not constitute protected activity and, even if it did, that she was not retaliated against. Ms. Taylor's employment ended for legitimate, non-retaliatory reasons, namely, Ms. Taylor's poor performance and dishonesty. Ms. Taylor's August 12, 2011 email was not the "but for" cause of her employment termination.

No judgment was entered against Republic Services of Virginia, LLC and, as such, it is not a proper party to this appeal, and the case caption should be altered to reflect same.

16326947.1